[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on May 30, 1970, in Bath, New York. The plaintiff has been a Connecticut resident for the last thirteen years. The parties' three children have reached their majorities. The evidence indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is fifty years old and enjoys good health. After graduating from high school, she attended beauty school and obtained a certificate of cosmetology. She currently holds a license in three states and is employed practicing her skills at a dermatologist's office in Stamford. She has worked throughout the marriage while also performing her duties as a homemaker.
The defendant is fifty one years old. He is a graduate of Farleigh-Dickinson University with a B.S. in accounting. He subsequently obtained a certificate as a certified public accountant. He has practiced his profession for several years and currently is employed as the comptroller for the Town of Greenwich.
Both parties agree that their marriage has irretrievably broken down. Neither has dwelled on the issue of fault. The court CT Page 11613 declines to assess fault against one party for the failure of this marriage. Both must assume some responsibility.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82 and 46b-62
in reaching the decisions reflected in the orders that follow.
The court finds the following as to the values of the assets of the parties.
1. The marital residence, Riverside, Conn. (Stipulation) $427,500.
2. Timeshare, One Hilton Head $ 10,000.
3. Joint Nathan Lewis Account (Stipulation) $ 70,349.
4. CRM Retirement Partners IRA (Stipulation) $366,000.
5. Nathan Lewis IRA (Defendant) (Stipulation) $ 40,660.
6. Nathan Lewis IRA (Plaintiff) (Stipulation) $ 16,173.
7. 401(k) at ITT Hartford (Stipulation) $ 25,810
The following orders may enter.
 1. The plaintiff shall transfer by quitclaim deed to the defendant her interest in the marital residnece located at 24 Birdsong Place, Greenwich, Connecticut. The defendant shall hold the plaintiff harmless from any and all liabilities in connection with the residence, including, without limitation, the mortgages and any capital gains taxes. The plaintiff shall vacate the marital residence no later than December 31, 1998.
 2. The plaintiff shall convey her interest in the parties' Hilton Head Time Share to the defendant, and the defendant shall hold the plaintiff harmless in connection with any liabilities with respect thereto, including the carrying costs and any capital gains costs.
 3. In accordance with the stipulation of the parties, the defendant shall rollover all the funds in the CRM Retirement Account into the defendant's 401(k) plan at Hartford ITT. From the 401(k) plan, which should have a balance of approximately $391,000, the defendant shall transfer to the plaintiff by means of a Qualified Domestic Relations Order (QDRO) the sum of $315,000, and the balance in said account CT Page 11614 shall be retained by the defendant. The court shall retain jurisdiction to modify this portion of the judgment to ensure compliance with federal and/or state law relating to retirement/pension benefits.
 4. The joint Nathan Lewis account shall be equally divided between the parties.
 5. The defendant shall retain his Nathan Lewis IRA account.
6. The plaintiff shall retain her Nathan Lewis IRA account.
 7. The defendant shall retain his entire interest in the pension plan of his current employer, the Town of Greenwich. The plaintiff shall execute all documents required to release any rights she may have in the plan.
 8. The defendant shall transfer to the plaintiff, by Qualified Domestic Relations Order (QDRO), fifty (50%) percent of his AMAX Retirement Pension Plan. The court retains jurisdiction to modify the QDRO to comply with federal or state law relating to retirement/pension plans.
 9. The plaintiff is awarded the 1995 Ford Taurus automobile and shall hold the defendant harmless from any liability on the outstanding automobile loan. The defendant shall execute all necessary documents to transfer title to the plaintiff.
 10. The defendant shall retain his 1994 BMW automobile and hold the plaintiff harmless from any liability on the outstanding automobile loan.
 11. Each party shall retain the ownership of any life insurance policies on her or his life, including the cash surrender values of said policies.
 12. The parties shall equitably divide the personal property located at the marital residence. The court reserves jurisdiction over the matter in the event the parties are unable to agree after using the services of the family relations department.
 13. The defendant shall pay to the plaintiff as periodic alimony the sum of $2,500 per month. ($30,000 annually). The payments shall commence on the month following the plaintiff's vacating the marital residence, and monthly thereafter, in advance, until the death of CT Page 11615 either party or the plaintiff's remarriage, whichever event first occurs. The payments shall be made in two equal payments of $1,250 payable on the days of each month that the defendant's salary is paid. A contingent wage withholding order may enter. No periodic alimony pendente lite is awarded to the plaintiff.
 14. As security for his alimony obligation, the defendant shall name the plaintiff as irrevocable beneficiary of a life insurance policy in the amount of $200,000, for as long as the defendant is obligated to pay periodic alimony.
 15. The defendant shall permit the plaintiff to convert coverage under the defendant's present health insurance policy for her benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiff's sole expense.
 16. Each party shall be responsible for the payment of the liabilities listed on her and his financial affidavit and hold the other harmless from any liabilities thereon.
 17. The defendant shall pay to the plaintiff as an assignment of property, the sum of fifteen thousand ($15,000) dollars.
 18. The defendant accidentally caused damage to the plaintiff's automobile. The defendant shall be responsible for the payment required to repair the vehicle. The defendant shall make payment directly to the repairman. The plaintiff shall cooperate with the defendant in his seeking contribution from the defendant's liability insurance carrier.
 19. Each party shall pay his or her own counsel fees.
 20. The defendant shall retain his United Airlines frequent flier's mileage points and shall provide the plaintiff with one-half of his Marriott Hotel benefits.
Judgment may enter accordingly.
NOVACK, J.